UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

MISSY ANN WRIGHT,           }
                            }
    Plaintiff,         }
                            }
v.                          }   Case No.: 4:18-cv-0934-ACA
                            }
SOCIAL SECURITY             }
ADMINISTRATION,             }
COMMISSIONER,               }
                            }
    Defendant.

# MEMORANDUM OPINION

Plaintiff Missy Ann Wright appeals the Social Security Commissioner's denial of her claim for a period of disability and disability insurance benefits. The magistrate judge entered a report and recommendation that the court affirm the Commissioner's decision. (Doc. 16). Ms. Wright, through counsel, filed objections to the report and recommendation. (Doc. 17). Pursuant to 28 U.S.C. § 636(b)(1)(C), this case is before the court for a review of Ms. Wright's objections to the report and recommendation.

Ms. Wright makes three objections to the magistrate judge's report and recommendation. First, Ms. Wright claims that the magistrate judge used the wrong standard in determining whether the Appeals Council erred in denying review.

Second, Ms. Wright argues that the magistrate judge erred in finding that counsel waived the issue of whether the ALJ failed to accord proper weight to the opinion of her treating physician and, alternatively, that the magistrate judge erred in finding her argument failed on the merits. Third, Ms. Wright argues that the magistrate judge erred in finding that counsel waived the issue of whether the ALJ failed to accord proper weight to consultative examiners Dr. Fleming and Dr. Wilson and, alternatively, that the magistrate judge erred in finding her argument failed on the merits. The court examines each objection below.

I. **Standard for Determining Whether Appeals Council Erred in Denying Review**

Ms. Wright's first objection is that the magistrate judge applied the wrong standard in determining whether the Appeals Council erred in denying review and failing to remand in light of new evidence. In support of her objection, Ms. Wright contends that the magistrate judge relied on *Mitchell v. Social Security Administration, Commissioner,* 771 F.3d 780 (11th Cir. 2014), to determine whether the evidence rendered the ALJ's decision erroneous. (Doc. 17 at 4). Ms. Wright argues that the correct standard of review is whether the evidence had a reasonable probability of changing the result. (Doc. 17 at 4–6).

"'With a few exceptions, a claimant is allowed to present new evidence at each stage of the administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015)

(quoting *Ingram v. Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007)). The Appeals Council must consider evidence that is new, material, and chronologically relevant. *Id.* As Ms. Wright correctly notes, material evidence is evidence that is "relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Hyde*, 823 F.2d at 459. If the Appeals Council does not consider new, material, and chronologically relevant evidence, "it commits legal error and remand is appropriate." *Washington*, 806 F.3d at 1321. Alternatively, when the Appeals Council considers new evidence but denies review, the court decides whether the new evidence "render[s] the Commissioner's denial of benefits erroneous." *Mitchell*, 771 F.3d at 785.

Here, the magistrate judge's report cited *Mitchell* several times. (Doc. 16 at 35, 37). In this case, *Mitchell* is inapplicable because the Appeals Council did not consider the new evidence; instead, the analysis is whether the Appeals Council erred in refusing to consider the new evidence, as set out in *Washington*. Despite the magistrate judge's citations to *Mitchell*, however, it is clear that his analysis followed *Washington's* standard: he determined that the Appeals Council did not err because although the evidence submitted to it was new and chronologically relevant, it was not material. (Doc. 16 at 36–37). Thus, the magistrate judge did not use the wrong legal standard.

Ms. Wright has not objected that, under the *Washington* standard, the Appeals Council erred by declining to consider the new evidence. Accordingly, she has abandoned any objection to the magistrate judge's substantive recommendation to find that the evidence was not material. Therefore, the court **OVERRULES** this objection.

## II. Whether the ALJ Properly Considered the Treating Physician's Opinion

Ms. Wright's second objection is that the magistrate judge erred in finding counsel waived the issue of whether the ALJ failed to accord proper weight to the opinion of her treating physician, Dr. Rowe. (Doc. 17 at 6). She contends that her 44-page brief with "5 pages of the brief on the issue of weight accorded to the treating physician" preserved the issue. (Doc. 17 at 8). The court agrees with the magistrate judge's finding that Ms. Wright waived the right to assert this argument by not properly developing it in her brief.

Ms. Wright's initial brief did, indeed, describe the medical evidence and the ALJ's decision. (*See* Doc. 13 at 2–18). And in the 5-page section of the brief dedicated to the issue of the weight assigned to the opinion of Ms. Wright's treating physician, she described the ALJ's weight allocation and the physician's opinion. (*See id*. at 21–22). However, the rest of that section is made up entirely of block quotes from cases about the general issue of the weight accorded to a treating

physician's opinion. It contains no argument or analysis about why this ALJ's weight allocation was erroneous.

This sort of perfunctory identification of issues gives neither the Commissioner nor the court any guidance about Ms. Wright's argument aside from the fact that she asserts the existence of an error. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

Accordingly, the court **OVERRULES** Ms. Wright's objection to the magistrate judge's finding that she waived the issue.[1]

---

[1] The magistrate judge recommended finding that if Ms. Wright had not waived the issue, substantial evidence supported the ALJ's allocation of weight to Dr. Rowe's opinion. (Doc. 16 at 7–14). Ms. Wright also objects to that recommendation. (Doc. 17 at 6–13). Although Ms. Wright objects to the magistrate judge's finding of waiver, her objection is, like her initial brief, made up entirely of block quotes from related cases. (Doc. 17 at 6–13). The only difference is the addition of new block quotes from the magistrate judge's report and a citation and block quote from *Schink v. Commissioner of Social Security* 935 F.3d 1245, 1259–1264 (11th Cir. 2019). And like her initial brief, her objection fails to explain the importance of the *Schink* decision or how it should be applied in this case. This is insufficient to qualify as the "specific basis for objecting" as required. (Doc. 16 at 39–40). Moreover, even if Ms. Wright had not failed to make an adequate objection, the court accepts the magistrate judge's finding that it fails on the merits.

### III. Whether Proper Weight was Accorded to Dr. Fleming and Dr. Wilson

Finally, Ms. Wright objects to the magistrate judge's finding that she waived the issue of whether proper weight was given to Ms. Wright's examining psychologists, Dr. Fleming and Dr. Wilson, by not properly developing her argument. The magistrate judge found that Ms. Wright's argument regarding Dr. Fleming's and Dr. Wilson's opinions consisted only of block quotes from the ALJ's opinion and citations to general case law principles and thus Ms. Wright waived her argument. (Doc. 16 at 25). This court agrees.

Moreover, in Ms. Wright's objection to the magistrate judge's report and recommendation, she merely copies the same language used in her initial brief. [2] (*Compare* Doc. 13 at 26–32 *and* Doc. 15 at 4–6 *with* Doc. 17 at 13–16). The brief contains only block quotes from the ALJ's decision and summaries and citations to Eleventh Circuit cases. (Doc. 17 at 13–16). The only addition is a block quote from the magistrate judge's finding. (*Id*. at 14–15). However, she presents no argument or discussion of the facts relevant to her case. (*Id*.). Accordingly, the court does not consider this to be an objection to the merits of the magistrate judge's

---

[2] The court has previously warned Ms. Wright's counsel that he should not copy and paste "objections" from briefs in support of her appeal. (*See* Doc. 16 at 2 n.1 *Pippin v. Social Security Administration, Commissioner*, 4:18-cv-01946-ACA; Doc. 19 at n.1 *Tays v. Berryhill*, 4:17-cv-01929-ACA). The court again repeats that warning here and expects that Ms. Wright's counsel will follow the court's orders in the future when he files objections on behalf of claimants he represents.

recommendation. The court therefore **OVERRULES** Ms. Wright's objection to the magistrate judge's finding that she waived the issue.

IV. **Conclusion**

Having carefully reviewed "those portions of the report or specified proposed findings or recommendations to which" Ms. Wright objects, *see* 28 U.S.C. § 636(b)(1)(C), and for the reasons outlined above, the court **OVERRULES** Ms. Wright's objections, and will **ADOPT** the report, **ACCEPT** the recommendation, and **AFFIRM** the Commissioner's decision.

The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this March 20, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE